| | |
|---|---|
| Judge: | Christopher M. Alston |
| Chapter: | 13 |
| Hearing Date: | November 02, 2023 |
| Hearing Time: | 9:30 am |
| Hearing Location: | Judge Alston's Courtroom |
| | 700 Stewart St #7206 |
| | Seattle, WA 98101-8101 |
| Response Date: | October 26, 2023 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In Re:

MIKHAIL NEVLER,

                          Debtor.

IN CHAPTER 13 PROCEEDING
NO. 22-11499-CMA

OBJECTION TO MOTION TO MODIFY
CONFIRMED PLAN

     Jason Wilson-Aguilar, Chapter 13 Trustee, objects to the Debtor's Motion to Modify Confirmed Plan (ECF No. 110).

     The Trustee objects to the debtor's motion and associated modified plan (ECF No. 108) on the following bases:

     1) It appears that the debtor used the incorrect docketing event for his modified plan. He should file any further plans using the correct entry for a modified plan.

     2) A debtor seeking post-confirmation plan modification must, contemporaneously with filing the motion and modified plan, file a declaration explaining the need for the modification. Local Rule W.D. Wash. Bankr. 3015-1(i). The debtor has not filed this declaration. A post-confirmation modified plan must be proposed in good faith. 11 U.S.C. §§ 1329(b)(1); 1325(a)(3). As part of the good faith analysis, the Court may consider whether the proposed modification correlates to the debtor's change in circumstances. Mattson v. Howe (In re Mattson), 468 B.R. 361, 371 (B.A.P. 9th Cir. 2012). The debtor has the burden to establish that the modified plan is proposed in good faith. Id. at 372. The debtor has not met his burden.

OBJECTION TO MOTION TO MODIFY CONFIRMED
PLAN - 1

Jason Wilson-Aguilar
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

3) Likewise, a debtor seeking post-confirmation plan modification must, contemporaneously with filing the motion and modified plan, provide the Trustee proof of income received within the last thirty days. Local Rule W.D. Wash. Bankr. 3015-1(i). The debtor failed to comply with this requirement and thus again, has not met his burden of proving that he filed the modified plan in good faith.

4) Section X.C. of the debtor's proposed modified plan states, "The debtor has listed his Arizona property for sale. Asking price is $85,000.00 but has yet to sell. Debtor will drop the price every two weeks by $10,000.00 until the property sells. If the property does not sell at $60,000.00 the property will be surrendered." Section X.D. provides: "All nonexempt proceeds from the sale of the Yavapai County undeveloped lot will be paid into the plan for the Trustee to disburse to general-unsecured creditors." As set forth on Schedule A/B (ECF No. 13), the debtor owns three parcels of real estate, and the only one that is in Arizona, is the property in Yavapai County. Thus, it appears Section X.C. and X.D. of the plan refer to the same piece of real property, although they each describe it differently. The language in Section X.C. is problematic for multiple reasons. First, it contains findings of fact related to the debtor's marketing efforts for the real property which are unnecessary, not verifiable by the Trustee, and inappropriate for the plan. Second, this provision is confusing, as there is no clear deadline by which the debtor will sell the property, and no clear remedy if he fails to sell it by that deadline (given that it will not be evident from the record of the case if/when the triggering event for surrender of the property has occurred). Finally, even if this provision were more clear as to how/when the property is to be surrendered, that is not an appropriate remedy should the debtor fail to sell the property. As noted above, Section X.D. of the plan provides for use of the proceeds of sale of the Arizona property to pay unsecured claims. The plan is not feasible based on

OBJECTION TO MOTION TO MODIFY CONFIRMED
PLAN - 2

Jason Wilson-Aguilar
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

plan payments alone, and would only be feasible with this lump sum payment from sale. And, as set forth in Section IX. of the plan, the estate has a significant liquidation value which makes it solvent, the majority of which comes from the debtor's Arizona real property. For those reasons, the appropriate relief if the property is not sold is conversion of the case to a Chapter 7, so that a Chapter 7 Trustee can administer the property for the benefit of creditors, rather than surrender of the property. The debtor needs to amend Section X.C. to provide a reasonable deadline by which the Arizona property will be sold, and to provide that if the debtor fails to meet that deadline, upon submission of an order of conversion by the Trustee, the case shall be converted to Chapter 7.

5) In sum, the debtor's proposed modified plan does not satisfy the requirements of 11 U.S.C. § 1329.

6) The Trustee reserves the right to assert additional bases for this objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny the Debtor's Motion to Modify Confirmed Plan (ECF No. 110).

Dated: October 26, 2023

*/s/ Emily A. Jarvis*, WSBA #41841 for
Jason Wilson-Aguilar
Chapter 13 Trustee

OBJECTION TO MOTION TO MODIFY CONFIRMED
PLAN - 3

Jason Wilson-Aguilar
Chapter 13 Bankruptcy Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124
Case 22-11499-CMA    Doc 116    Filed 10/26/23    Ent. 10/26/23 13:48:23    Pg. 3 of 3